JUSTICE GRAY,
dissenting.
¶43 I respectfully dissent from the Court’s opinion that the retroactive application of the Development Code did not impair or burden a vested interest held by Town Pump and its corresponding determination that the District Court did not err in concluding that Town *19 Pump’s appeal of the Board of Adjustment’s decision was moot because the Development Code had a permissible retroactive effect. In my view, the Development Code is not applicable to Town Pump’s original application for a special exception, by its very terms. Moreover, any attempt to so apply it constitutes an impermissible retroactive application which denies Town Pump’s rights to due process under both the United States Constitution and the Montana Constitution. The Court’s erroneous decision permits local governments to change the rules after the fact in order to insulate themselves from pending judicial review of actions alleged to be arbitrary, capricious and illegal. In effect, our decision allows local governments to simply legislate themselves out of litigation. Such a decision will hardly improve the distrust with which ever-larger segments of Montana’s population view their governments.
¶44 The pertinent facts are that Town Pump properly applied for a special exception under zoning regulations then in effect. The Board took no action for approximately 6 months and then denied the application based on factors which appear, at very least, to have been arbitrary and outside the scope of the applicable regulations. Town Pump timely sought judicial review of the Board’s allegedly arbitrary, capricious and illegal conduct in May of 1995, seeking the District Court’s reversal of the Board’s denial of its application and the court’s grant of the special exception. A trial finally occurred in May of1997. In the meantime, Red Lodge had adopted the Development Code, which required a conditional use permit rather than a special exception for on-premises consumption of alcohol. The Development Code also provided that it was “expressly retroactive and shall apply to all applications ... which have been received by the city and not granted as of the effective date of this code.”
¶45 On the basis of the Development Code, the Board contended that Town Pump’s appeal was moot. The District Court agreed, concluding that Red Lodge had authority to declare that the Development Code applied to all pending applications for special exceptions. The Court also permits application of the Development Code. While I agree that the city could declare the Development Code applicable to all pending applications, I disagree that the Development Code is applicable to Town Pump’s application for a special exception and I further disagree with the Court’s rationale in determining that Town Pump’s constitutional rights to due process were not violated by application of the Development Code.
*20 ¶46 First, the language of the Development Code itself renders it applicable to applications which havé been received and not granted as of its effective date. Like the District Court, I view the clear terms of the Development Code as rendering it applicable to “pending applications.” The fundamental flaw in the Court’s analysis is its inability to recognize that Town Pump’s application was not “pending” at the time the Development Code was enacted. Town Pump’s application had, in fact, been denied two years prior to enactment of that Code. Thus, since the Development Code was inapplicable to Town Pump’s application for a special exception by its terms, it is not necessary to proceed with a retroactivity analysis at all. Absent the applicability of the Development Code, it is clear that Town Pump was entitled to proceed with judicial review of the Board’s denial of its application.
¶47 The Court proceeds with a retroactivity analysis based on its misunderstanding of the applicability of the Development Code in the first instance, and that analysis continues to be flawed at every stage by its failure to grasp the completed nature of the Board’s action on Town Pump’s application. I will highlight only a few of my disagreements with the Court’s analysis.
¶48 First, it is my view that the Development Code is impermissibly retroactive because it impaired Town Pump’s vested rights. Town Pump had a vested right in having the application granted or denied in accordance with regulations applicable at the time of the Board’s action. Indeed, the Board acted under the then-existing zoning regulations and denied Town Pump’s application. At that point, Town Pump had a vested interest in having its claim that the Board acted arbitrarily, capriciously and illegally under existing regulations reviewed by a court of law. The Development Code, which constituted a new set of regulations, was not enacted until two years after the Board’s action and Town Pump’s request for judicial review. Clearly, applying the Development Code to Town Pump’s application meets our definition of a retroactive law in that it “takes away or impairs vested rights.” See Wallace, 269 Mont. at 367, 889 P.2d at 819 (citations omitted).
¶49 Moreover, the Court’s reliance on Wallace in support of its conclusion that Town Pump’s vested rights were not impaired is altogether misplaced. There, the Wallaces submitted their game farm expansion application under the then-current game farm licensing statutes, but a new statute was enacted prior to the time the Department was required to act on the application. The Department denied *21 the application under the new statute and we properly held that the Wallaces’ mere submission of an application did not vest in them a right to issuance of the license under the laws in existence on the date the application was submitted. Wallace, 269 Mont. at 368, 889 P.2d at 820.
¶50 Here, unlike the situation in Wallace, the regulations applicable to Town Pump’s application for a special exception at the time the application was submitted remained applicable at the time the Board denied Town Pump’s application. There was no change in applicable regulations between the time Town Pump submitted its application and the time the Board acted upon it, as occurred in Wallace. Indeed, the change in regulations in this case did not occur until two years after the Board denied Town Pump’s application and Town Pump sought judicial review. Wallace is inapplicable here.
¶51 Likewise, the Court misreads and, thereafter, misapplies the “general rule” regarding whether applications may be denied based on regulations enacted after the applications are made. That general rule is inapplicable here for the same reasons Wallace does not apply. The general rule, as stated by the Court, is that an application may be denied based on a regulation enacted or becoming effective after the application is made. The plain meaning of the general rule — as scrutiny of the A.L.R. Annotation on which the Court relies establishes — is that, when a regulation is adopted or amended during the pendency of an application, the newer regulation can be applied. Indeed, that was the situation before us in Wallace, but it is not the situation before us in the present case. The general rule simply does not state that an amended regulation can be applied after an application has been denied and during the time that denial is being challenged in a court of law.
¶52 Finally, the cases from other jurisdictions cited by the Court in support of its application of the general rule — that is, Town of Stephens City, Winiker Realty, Inc., and Najarian Realty Corp. — also are inapplicable because each involves a Wallace-type situation rather than the situation before us in the present case. In Town of Stephens City, for example, the Virginia Supreme Court held that a developer had no vested right in the zoning classification which existed at the time he submitted his subdivision plat application where the zoning ordinance was amended during the pendency of the developer’s application and before action was taken or required to be taken on the application. See Town of Stephens City, 399 S.E.2d at 816. Simi *22 larly, in Winiker Realty, Inc., the application for a special permit was filed on April 23,1968, the applicable zoning by-law was amended on June 24,1968, to prohibit the use sought by the applicant, and the application for a special permit was denied on July 19, 1968. Under those facts, the Supreme Judicial Court of Massachusetts held that the application was controlled by the amended by-law. Winiker Realty, Inc., 285 N.E.2d at 452-53. Finally, inNajarian Realty Corp., the hearing on an application for a special permit for a gas station was held on September 8,1964, under the same zoning ordinance in effect at the time the application was filed. On September 24, 1964, however, the zoning ordinance was amended to eliminate the availability of a special permit for a gas station and, thereafter, the application was denied under the amended zoning ordinance. The Rhode Island Supreme Court held that the amendment applied because the decision-making entity still had the power to act on the application at the time of the amendment. Najarian Realty Corp., 208 A.2d at 529-30. All of these cases involved situations where the amendment was made before the decision-making body acted or was required to act. None involved the situation before us here, where the Development Code was not enacted until some two years after the Board had denied Town Pump’s application under the earlier zoning regulations and Town Pump had sought judicial review.
¶53 It is clear that Town Pump had a vested interest in having its case fully and finally resolved under the zoning regulations which existed throughout the time of both its application for a special exception and the Board’s denial of the application, and that this vested interest continued through judicial review of the Board’s decision. For that reason, I dissent from the Court’s failure to hold that Town Pump’s constitutional rights to due process have been violated by the retroactive application of the Development Code to moot Town Pump’s judicial challenge to the Board’s action.
JUSTICE NELSON joins in the foregoing dissent of JUSTICE GRAY.